UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 18-cv-21777

ALAIN VALDEZ, individually, and on
Behalf of all similarly situated persons

    Plaintiff,

vs.

TREMONT TOWING, INC., a Florida profit
Corporation; CHRISTIE ASHENOFF,
individually; KEITH MENIN, individually; and
MANNY E. DIAZ JR., individually

    Defendants,

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, TREMONT TOWING, INC, CHRISTIE ASHENOFF, KEITH MENIN and MANNY E. DIAZ JR, by and through undersigned counsel serve their answer and affirmative defenses to the Compliant, and state:

1. Defendants deny the allegations contained in paragraph number 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph number 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph number 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph number 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph number 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph number 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph number 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph number 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph number 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph number 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph number 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph number 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph number 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph number 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph number 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph number 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph number 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph number 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph number 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph number 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph number 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph number 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph number 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph number 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph number 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph number 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph number 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph number 28 of the Complaint.

29. Defendants' reassert the responses to paragraphs 1 through 28 above.

30. Defendants deny the allegations contained in paragraph number 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph number 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph number 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph number 33 of the Complaint.

34. Defendants in response to paragraphs number 34 of the Complaint reassert their responses to paragraphs 1 through 28 above.

35. Defendants deny the allegations contained in paragraph number 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph number 36 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim under the Fair Labor Standards Act.

2. All claims are barred and/or must be stayed where Plaintiff agreed to Arbitration as shown by Exhibits attached "A", "B" and "C" for the resolution of all claims.

3. The Court lacks subject matter jurisdiction over the claims raised by Plaintiff.

4. Plaintiff only worked locally and all of Tremont Towing Inc.'s operations were located in South Florida, Tremont Towing Inc. was not engaged in interstate state commerce, they cannot establish "individual coverage" to invoke subject matter jurisdiction under the Fair Labor Standards Act.

5. At all material times, Defendants acted in good faith and any violation of the Fair Labor Standards Act., if any, which is denied, was inadvertent.

6. Defendants, CHRISTIE ASHENOFF, KEITH MENIN and MANNY E. DIAZ JR,, never assumed any responsibility for hiring, firing, scheduling, work hours or establish the rate of pay for Alain Valdes noted she or he have controlled the day-to-day operations or direct responsibility for supervision of employees. Accordingly, CHRISTIE ASHENOFF, KEITH MENIN or MANNY E. DIAZ JR, are not "employers" under the Fair Labor Standards Act subject to personal liability.

7. All claims based upon "willfulness" are barred where Plaintiff has failed to allege and Defendant that his conduct was not "reckless". Willfulness under applicable law may only be shown by facts indicating Defendant acted recklessly. Plaintiff has both failed to allege that at anytime Defendant acted recklessly and not just unreasonably and further failed to allege either factually or as a conclusion that at anytime Defendant acted recklessly and therefore the Complaint fails to state a cause of action and/or all claims are barred or must be limited by the applicable statute of limitations.

8.      All claims are barred for want of subject matter jurisdiction where Defendants did not have the requisite number of employees.

9.      All claims are barred and/or limited without where at all material times Defendants acted in good faith.

10.     All claims are barred and/or must be limited what where at all material times Defendant acted in good faith and had reasonable grounds to believe that any alleged act or omission was not a violation of applicable law.

11.     All claims are barred and/or must be reduced where any alleged act or omission of any Defendant was in good faith in conformity with and in reliance on unwritten administrative regulations, orders, rulings, approval or interpretation of the administrator of the wage and hour division of the Department of Labor and administrative practice and enforcement policies of the administrator, and the Field Operations Handbook.

12.     All claims are barred where, in fact, at all material times Plaintiff was paid properly.

13.     All claims are barred by the doctrine of avoidable consequences. Any and all alleged damages, if any, could have been avoided by Plaintiff and/or the recovery must be reduced to the extent of damages, if any, were a result of Plaintiff's own avoidable consequences.

14.     At all material times, all claims are barred by applicable "safe harbor" provisions where, in this case, the requirements of the law were clearly communicated to Plaintiff and good faith measures were always taken to prevent any violation of law.

15. All claims are barred by the doctrine of estoppel, where at all material times Plaintiff knowingly, willingly and intentionally set the payment and at no time voiced any objection to the amounts or method of payment.

16. All claims are barred whereby failure of condition precedent there was no good faith belief by Plaintiff at any time that there was any willful violation of law by any Defendant.

17. All claims are barred where at all times relevant to the Complaint, Defendants acted in good faith and had reasonable grounds for believing that any act or omission was not in violation of the Fair Labor Standards Act.

18. Any violation of the Fair Labor Standards Act by Defendant was not willful and were wholly unintentional.

19. Plaintiff's claim for damages subject to the limitation set forth in the Fair Labor Standards Act.

20. Plaintiff was paid for all time as reported by Plaintiff and therefore Plaintiff is estopped from asserting additional time and awards beyond that which he reported.

21. Defendants state that assuming, arguendo, Plaintiff was not paid overtime courts of the Fair Labor Standards Act such failure was due to inadvertent mistake on the part of the Defendants which was neither willful nor intentional.

22. All claims are barred in whole or in part by the exemptions, exclusions, exceptions and credits provided by the Fair Labor Standards Act 29 U.S.C. §207.

23. All claims are barred in whole, or in part by the exemptions, exclusions exceptions and credits provided by the Fair Labor Standards Act 29 U.S.C. §213.

24. Some or all of the claims asserted are barred by limitation set forth in Section 6, 29 U.S.C. §255.

25. Some or all of the claims asserted are barred by the provisions of Section 10 of 29 U.S.C. §259 because all action taken in connection with the claims asserted herein were done in good faith, conforming with and reliance upon written administrative regulations, orders, rulings, approvals, interpretation, written and unwritten administrative practices or enforcement policies of the administrator, wage hour division of the United States Department of labor.

26. All or some of the claims are barred by the provisions of Section 11 of 29 U.S.C. §260 because the acts or omissions complained of were done in good faith without visible grounds for believing the acts or omissions were in violation of the act.

27. All claims are barred by the administrative exemption under FLSA Section 29 U.S.C. §213(a)(i).

28. All claims are barred and/or must be limited by the applicable statute of limitations.

29. All claims are barred because Plaintiff is an exempt employee within the commission exemption as codified in Section 29 U.S.C. §207 (i).

Defendants, TREMONT TOWING, INC, CHRISTIE ASHENOFF, KEITH MENIN and MANNY E. DIAZ JR, demand judgment against Plaintiff and that Defendants recover attorney's fees and court costs pursuant to 28 U.S.C. §1920 Rule 54(d)(1), Federal Rules of Civil Procedure, 42 U.S.C. §1988(b) and Florida Statute §448.08 as applied pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367 and award such further or different relief as this court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Allan S. Reiss

Allan S. Reiss (Florida Bar Number: 858500)
Asr@Levinelawfirm.Com
Levine & Partners, P.A.
3350 Mary Street
Miami, FL 33133
(305) 372-1350     (Telephone)
(305) 432-3203     (Facsimile)
Attorneys for Plaintiffs

## SERVICE LIST

Miguel Armenteros, Esquire
Ariella J. Gutman, Esquire
Perlman, Bajandas, Yevoli & Albright, P.L.
283 Catalona Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
email:  Miguel@pbyalaw.com
        eservicemia@pbyalaw.com